IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

OMAR L. REED,

    Plaintiff,

vs.                                                                            No. CIV 23-0088 JB/KRS

LEA COUNTY CORRECTIONAL FACILITY,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court following Plaintiff Omar L. Reed's failure to prosecute his First Untitled Letter Regarding Civil Rights Violations, filed January 30, 2023 (Doc. 1)("Opening Letter-Pleading"), and his Second Untitled Letter Regarding Civil Rights Violations, filed February 17, 2023 (Doc. 3)("Supplemental Letter-Pleading"). The Honorable Kevin Sweazea, United States Magistrate Judge for the United States District Court for the District of New Mexico, recently directed Reed to file a complaint on the 42 U.S.C. § 1983 form pleading and address the civil filing fee, as 28 U.S.C. § 1915(a) requires. See Order to Cure Deficiencies at 1, filed March 17, 2023 (Doc. 4)("Cure Order"). Because Reed has not complied with the Cure Order, the Court, having reviewed applicable law and the record, dismisses this case without prejudice.

## PROCEDURAL BACKGROUND

Reed commenced this case on January 30, 2023, while he was incarcerated at the Penitentiary of New Mexico ("PNM") in Santa Fe, New Mexico. See Opening Letter-Pleading at 2. Reed was previously incarcerated at the Lea County Correctional Facility. See Opening Letter-Pleading at 1. In the Opening Letter-Pleading, Reed states that he wishes to file a lawsuit

under 42 U.S.C. § 1983 based on excessive force he alleges that he endured at Lea County Correctional. See Opening Letter-Pleading at 1. The Opening Letter-Pleading further alleges that PNM officials are trying to deter Reed from filing a lawsuit. See Opening Letter-Pleading at 1-2.

On February 17, 2023, Reed filed the Supplemental Letter-Pleading. See Supplemental Letter-Pleading at 1. The Supplemental Letter-Pleading contains additional allegations regarding Reed's conditions of confinement at PNM. See Supplemental Letter-Pleading at 1-7. Neither the Opening Letter-Pleading nor the Supplemental Letter-Pleading contain a case caption, identify a defendant, or delineate clearly which causes of action Reed wishes to assert. See Opening Letter-Pleading at 1-3; Supplemental Letter-Pleading at 1-8. Moreover, Reed did not submit the $402.00 civil filing fee when he filed his case or file a motion or affidavit to proceed in forma pauperis along with a six-month inmate account statement, as 28 U.S.C. § 1915(a)(1) requires. See 28 U.S.C. § 1915(a)(1) (federal courts "may authorize the commencement . . . [of] any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees . . . by a person who submits an [in forma pauperis] affidavit that [demonstrates] . . . the person is unable to pay such fees or give security therefor."). The Court Clerk's Office mailed Reed a blank civil rights complaint and a blank motion to proceed in forma pauperis on January 31, 2023, when he filed the case. See Text-Only Staff Note, filed January 31, 2023 (no docket number). Reed did not return either form.

The Court referred this matter to Magistrate Judge Sweazea for a proposed findings and recommended disposition ("PFRD"), and to enter non-dispositive orders. See Order of Reference Relating to Prisoner Cases at 1, entered February 13, 2023 (Doc. 2). In the Cure Order, Magistrate

Judge Sweazea explains that Reed's filings do "not clearly identify the Defendants or specific causes of action." Cure Order at 1. Magistrate Judge Sweazea set a deadline of April 17, 2023, for Reed to: (i) return a completed civil rights complaint; and (ii) prepay the $402.00 filing fee or, alternatively, submit an in forma pauperis motion that attaches an account statement reflecting transactions for a six-month period. See Cure Order at 1. The Cure Order warns that the failure to timely comply with both directives may result in dismissal of this case without further notice. See Cure Order at 1.

Reed did not pay the filing fee, file a motion to proceed in forma pauperis, submit a six-month inmate account statement, or file a complaint by the April 17, 2023, deadline. Instead, Reed filed the Untitled Letter-Response Regarding the Cure Order, filed March 27, 2023 (Doc. 5) ("Response"). In the Response, Reed makes more allegations regarding his conditions of confinement, including regarding an additional instance of excessive force at Lea County Correctional. See Response at 1-7. Reed also asserts that he is subject to imminent harm, because prison officials have not provided adequate medical care and have accused him of "false infractions." Response at 1, 3. The Response does not directly address Reed's failure to file a § 1983 complaint or an affidavit and six-month statement seeking leave to proceed in forma pauperis. Reed adds that prison officials are denying him pens, paper, stamps, and envelopes. See Response at 1. He does not, however, explain how he was able to mail the eight-page response but not an in forma pauperis affidavit or complaint. Finally, Reed concedes that he has not exhausted administrative remedies, as 42 U.S.C. § 1997e(a) requires. See 42 U.S.C. § 1997e(a). Reed states that the Court "order[ed him] . . . to file a claim prior to [him] having time to exhaust" and asks the Court to dispense "advice on how to proceed rather than setting a

deadline." Response at 1. The Court, therefore, determines whether to dismiss this matter for failing to comply with § 1915(a)(1) and the Cure Order.

## ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). See also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules."). As the United States Court of Appeals for the Tenth Circuit has explained, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation . . . ." See Rogers v. Andrus Transp. Servs., 502 F.3d 1147, 1152 (10th Cir. 2007). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." Olsen v. Mapes, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice." Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009). If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr., 492 F.3d 1158, 1162 (10th Cir. 2016). Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it

must first consider certain criteria." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr., 492 F.3d at 1162.  Those criteria include: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr., 492 F.3d at 1162 (quoting Olsen v. Mapes, 333 F.3d at 1204 (quoting Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994))).

Here, Reed has declined to file a civil rights complaint, in forma pauperis affidavit, or a six-month inmate account statement, as the Cure Order and § 1915(a)(1) require.  See Cure Order at 1; 28 U.S.C. § 1915(a)(1).  Reed's Response does not show cause why he could not comply with the Cure Order and § 1915(a)(1).  Reed states that he does not have access to stamps, paper, or envelopes, but he managed to send an eight-page letter-filing.  See Response at 1.  It is unclear why he could not return the completed in forma pauperis affidavit after the Clerk's Office mailed him a blank copy of that form.  The Response also gives no indication why Reed could not obtain a six-month account statement, as § 1915(a)(2) and the Cure Order require.  See, e.g., Salazar v. Arapahoe Cnty. Det. Facility, 787 F. App'x 542, 543 (10th Cir. 2019)(unpublished)(affirming a dismissal order where "none of [the plaintiff's] letters addressed the inmate account statement or explained his failure to comply with the ordered deadline")[1]; Sheptin v. Corr. Healthcare Mgmt.

---

[1] Salazar v. Arapahoe County Detention Facility is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.  See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value.").  The Tenth Circuit has stated:

Contractor Co., 288 F. App'x 538, 540-41 (10th Cir. 2008)(unpublished)(concluding that the "district court did not abuse its discretion by dismissing [the plaintiff's] action without prejudice based upon his failure to comply with" § 1915(a)); Gonzales v. Bernalillo Cnty. Dist. Ct., 640 F. App'x 759, 762 (10th Cir. 2016)(unpublished)(same).

To the extent that Reed tries to overcome § 1915's requirements by demonstrating that he is subject to imminent danger, this argument fails. The imminent danger exception applies in cases where the plaintiff-inmate is subject to 28 U.S.C. § 1915(g)'s three-strikes provision. Section 1915(g) establishes that a plaintiff cannot obtain in forma pauperis relief if he "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). "To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'" Davis v. GEO Group Corr., Inc., 696 F. App'x 851, 854 (10th Cir. 2017)(unpublished)(quoting Hafed v. Fed. Bureau of Prisons, 635

---

In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. *See* 151 F.R.D. 470 (10th Cir. 1993)(containing General Order of November 29, 2993); 10th Cir. R. 36.3. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes Salazar v. Arapahoe County Detention Facility, Sheptin v. Correctional Healthcare Management Contractor Co., 288 F. App'x 538 (10th Cir. 2008), Gonzales v. Bernalillo County District Court, 640 F. App'x 759 (10th Cir. 2016), Davis v. GEO Group Corrections, Inc., 696 F. App'x 851 (10th Cir. 2017), and Sayed v. Page, 851 F. App'x 842 (10th Cir. 2021) have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

F.3d 1172, 1179 (10th Cir. 2011)).   Based on a search of the Court's electronic filing system, it appears that Reed does not have three strikes.  The Cure Order directs Reed to comply with §§ 1915(a)(1)-(2)'s statutory requirements -- i.e., the requirements that he complete an affidavit of indigency and submit a six-month account statement -- which apply in all prisoner cases.  See 28 U.S.C. §§ 1915(a)(2), (b)(1) (noting that all prisoners must submit a six-month account statement, which is used to calculate an initial partial payment).

Reed also concedes that he has not yet exhausted his administrative remedies.  "The exhaustion requirement [in the Prison Litigation Reform Act, 42 U.S.C. § 1997e,] applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002).  "Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit."  Sayed v. Page, 851 F. App'x 842, 844 (10th Cir. 2021)(unpublished)(quoting Porter v. Nussle, 534 U.S. at 524).   This case is not subject to dismissal based on the failure to exhaust, which generally is raised as an affirmative defense, see Jones v. Bock, 549 U.S. 199, 216 (2007), but Reed's own assertions regarding the exhaustion defect is further evidence that he is not ready to prosecute this lawsuit, see, e.g., Response at 1 (stating that fixing a deadline to file a complaint and comply with § 1915 is the equivalent of "ordering [Reed] to file a claim prior to [him] . . . having time to exhaust the administrative remedies").

In light of these circumstances, the Court dismisses this case pursuant to rule 41(b) based on Reed's failure to prosecute and to comply with the Cure Order and § 1915(a).  See Olsen v. Mapes, 333 F.3d at 1204; Fed. R. Civ. P. 41(b).   After considering the factors in Nasious v. Two

Unknown B.I.C.E. Agents, at Arapahoe County Justice Center, however, the Court determines that it is appropriate to dismiss this action without prejudice. See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr., 492 F.3d at 1162. If Reed still seeks relief, he must file a new complaint and comply with the § 1915(a) requirements in his new case.

**IT IS ORDERED** that: (i) the First Untitled Letter Regarding Civil Rights Violations, filed January 30, 2023 (Doc. 1), is dismissed without prejudice; (ii) the Second Untitled Letter Regarding Civil Rights Violations, filed February 17, 2023 (Doc. 3), is dismissed without prejudice; (iii) this case is dismissed without prejudice; and (iv) the Court will enter a separate Final Judgment disposing of this case.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Omar L. Reed
Santa Fe, New Mexico

    *Plaintiff pro se*