## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

OMAR L. REED,

       Plaintiff,

vs.                                       No. CIV 23-0088 JB/KRS

LEA COUNTY CORRECTIONAL
FACILITY,

       Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on: (i) the Letter-Request for Interstate Compact Transfer from Omar Lionel Reed to John M. Beatty (dated July 27, 2023), filed August 2, 2023 (Doc. 8); (ii) the Letter-Request for Emergency Interstate Transfer from Omar Reed to Gary Maciel and Alisha Lucero (dated July 30, 2023), filed August 2, 2023 (Doc. 9); (iii) the Letter-Request for Emergency Interstate Transfer from Omar L. Reed to Hope Sallazar and/or Andrea Smith (dated July 30, 2023), filed August 11, 2023 (Doc. 10); (iv) the Motion for Speedy Trial, filed August 15, 2023 (Doc. 11); (v) the Untitled Notice Regarding Tort Claim, filed October 17, 2023 (Doc. 12); and (vi) the Untitled Letter Requesting Release of Inmate Funds from Omar L. Reed to Inmate Account (dated October 21, 2023), filed October 31, 2023 (Doc. 13) (together, the "Post-Judgment Motions").   Reed continues to seek substantive relief in this closed case without providing an explanation for his earlier failure to cure deficiencies as directed or providing grounds to reopen the case under rule 60(b) of the Federal Rules of Civil Procedure.   For these reasons, and because Reed can still refile his substantive claims, the Court will deny the Post-Judgment Motions.

**BACKGROUND**

Reed commenced this case on January 30, 2023, while incarcerated at the Penitentiary of New Mexico ("PNM") in Santa Fe, New Mexico.   See First Untitled Letter Regarding Civil Rights Violations from Omar L. Reed to New Mexico U.S. Courthouse, Ste. 270 (dated January 26, 2023), filed January 30, 2023 (Doc. 1)("Opening Letter-Pleading").   Reed previously was incarcerated at the Lea County Correctional Facility ("Lea Correctional") in Hobbs, New Mexico. See Opening Letter-Pleading at 1.   The Opening Letter-Pleading states that Reed wishes to file a lawsuit under 42 U.S.C. § 1983 based on excessive force at Lea Correctional.   See Opening Letter-Pleading at 1.   The Letter-Pleading further alleges that PNM officials are trying to deter Reed from filing a lawsuit.   See Opening Letter-Pleading at 1-2.   On February 17, 2023, Reed filed his Second Untitled Letter Regarding Civil Rights Violations from Omar L. Reed to United States District Court (dated February 12, 2023), filed February 17, 2023 (Doc. 3)("Supplemental Letter-Pleading").   The Supplemental Letter-Pleading contains additional allegations regarding Reed's conditions of confinement at PNM.   See Supplemental Letter-Pleading at 1-7.

Neither filing contains a case caption, identifies the Defendants, or clearly delineates which causes of action Reed wishes to assert.   Moreover, Reed did not submit the $402.00 civil filing fee when he filed his case or file a motion/affidavit to proceed in forma pauperis along with a six-month inmate account statement, as 28 U.S.C. § 1915(b) requires.   See 28 U.S.C. § 1915(a) (providing that federal courts "may authorize the commencement . . . of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees . . . by a person who submits an [in forma pauperis] affidavit that [demonstrates that] . . . the person is unable to pay such fees or give security therefor").   The Clerk's Office mailed Reed a blank civil rights complaint and a blank motion to proceed in forma pauperis on January 31, 2023, when he filed the

case.   See Text-Only Staff Note entered January 31, 2023.   Reed did not return, however, either form.

The Court referred this matter to the Honorable Kevin R. Sweazea, United States Magistrate Judge for the United States District Court for the District of New Mexico, for recommended findings and disposition, and to enter non-dispositive orders.   See Order of Reference Relating to Prisoner Cases, entered February 13, 2023 (Doc. 2).   By an Order to Cure Deficiencies, filed March 17, 2023 (Doc. 4)("Cure Order"), Judge Sweazea explained that Reed's filings do "not clearly identify the Defendants or specific causes of action."   Cure Order at 1. Magistrate Judge Sweazea fixed a deadline of April 17, 2023, for Reed: (i) to return a completed civil rights complaint; and (ii) to prepay the $402.00 filing fee or, alternatively, submit an in forma pauperis motion that attaches an account statement reflecting transactions for a six-month period. See Cure Order at 1.   The Cure Order warns that the failure timely to comply with both directives may result in dismissal of this case without further notice.   See Cure Order at 1.

Reed did not pay the filing fee, file a motion to proceed in forma pauperis, submit a six-month inmate account statement, or file a complaint by the April 17, 2023, deadline.   Instead, he filed an Untitled Letter-Response Regarding the Cure Order from Omar L. Reed to U.S. Magistrate Judge Kevin R. Sweazea, filed March 27, 2023 (Doc. 5)("Response").   The Response does not address Reed's failure to file a § 1983 complaint, or an affidavit and six-month statement seeking leave proceed in forma pauperis.   Instead, the Response asserts more allegations regarding Reed's conditions of confinement, including an instance of excessive force that appears to have occurred at his prior prison.   See Response at 1-7.   The Response also concedes that Reed has not exhausted administrative remedies, as 42 U.S.C. § 1997e(a) requires.   Reed alleges that the Court "order[ed him] . . . to file a claim prior to [him] having time to exhaust" and asks the Court to

dispense "advice on how to proceed rather than setting a deadline."   Response at 1.

By a Memorandum Opinion and Order, filed June 29, 2023 (Doc. 6)("Dismissal MOO"), the Court dismissed this case without prejudice pursuant to rule 41(b) of the Federal Rules of Civil Procedure.   See Dismissal Moo at 8.   The Dismissal MOO observes that Reed has not filed a civil rights complaint, an in forma pauperis affidavit, or a six-month inmate account statement, as the Cure Order and § 1915(a)(1) require, and that his Response does not show cause for such failure. See Dismissal MOO at 5-7.   Along with the Dismissal MOO, the Court entered a Final Judgment on June 29, 2023.   See Final Judgment, filed June 29, 2023 (Doc. 7)("Judgment").

Reed filed the Post-Judgment Motions between August 2, 2023 and October 31, 2023. See Post-Judgment Motions.   In the Post-Judgment Motions, Reed seeks a transfer to another prison, a speedy trial on his pending state criminal charges, and an order directing PNM officials to send Reed's inmate funds to his new prison.   See Post-Judgment Motions.   The Court considers whether there are grounds to set aside the Dismissal MOO and to reopen this case.

## ANALYSIS

Reed filed the Post-Judgment Motions more than twenty-eight days after entry of the Dismissal MOO and Judgment.   See Dismissal MOO; Judgment; Post-Judgment Motions.   The Court therefore must analyze the Post-Judgment Motions under rule 60(b) of the Federal Rules of Civil Procedure.   See Spitznas v. Boone, 464 F.3d 1213, 1215 (10th Cir. 2006).   As relevant here, Rule 60(b) allows relief from a judgment in the event of: (i) mistake, inadvertence, surprise, or excusable neglect; (ii) newly discovered evidence; or (iii) fraud.   See Fed. R. Civ. P. 60(1)-(3). Rule 60(b)(6) also contains a catchall clause for "any other reason that justifies relief."   Rule 60(b)(6) relief is, however, "extraordinary," "difficult to attain," and only "appropriate . . . when it offends justice to deny such relief."   Zurich N. Am. America v. Matrix Serv., Inc., 426 F.3d

- 4 -

1281, 1289, 1293 (10th Cir. 2005).

Having considered the record, the Court concludes that none of these circumstances exist in this case.   The Post-Judgment Motions do not address Reed's failure to file a 42 U.S.C § 1983 claim on the proper form or his failure to address the civil filing fee requirements set forth in 28 U.S.C. 1915(a) and the Cure Order.   Reed primarily requests a transfer to another prison, which is now moot.   A recent filing reflects Reed is now incarcerated at the Granville Correctional Institution ("GCI") in Butner, North Carolina.   See Untitled Notice Regarding Tort Claim at 1, filed October 17, 2023 (Doc. 12).   To the extent that Reed requests a speedy trial in his pending state criminal prosecution, this matter is unrelated to the dismissal of his federal case.   See Motion for Speedy Trial, filed August 15, 2023 (Doc. 11).   Reed also appears to argue that prison officials interfered with his filings in September of 2023, and that they will not release his funds following his transfer from PNM to GCI in September or October of 2023.   See Untitled Notice Regarding Tort Claim at 1-2, filed October 17, 2023 (Doc. 12); Untitled Letter Requesting Release of Inmate Funds at 1, filed October 31, 2023 (Doc. 13).   Accepting these allegations as true, they do not show that Reed was unable to cure deficiencies as directed before entry of the Dismissal MOO in June of 2023.

For all of these reasons, the Post-Judgment Motions do not establish grounds for relief under rule 60(b), and the Court declines to reconsider its Dismissal MOO or to reopen this case. Reed is reminded that the Court dismissed his claims without prejudice.   He may refile a new § 1983 complaint and address the filing fee in that new case, if he still wishes to assert civil rights claims against New Mexico prison officials.

**IT IS ORDERED** that the Court denies the following post-judgment motions and requests for relief: (i) the Letter-Request for Interstate Compact Transfer from Omar Lionel Reed to John

M. Beatty (dated July 27, 2023), filed August 2, 2023 (Doc. 8); (ii) the Letter-Request for Emergency Interstate Transfer from Omar Reed to Gary Maciel and Alisha Lucero (dated July 30, 2023), filed August 2, 2023 (Doc. 9); (iii) the Letter-Request for Emergency Interstate Transfer from Omar L. Reed to Hope Sallazar and/or Andrea Smith (dated July 30, 2023), filed August 11, 2023 (Doc. 10); (iv) the Motion for Speedy Trial, filed August 15, 2023 (Doc. 11); (v) the Untitled Notice Regarding Tort Claim, filed October 17, 2023 (Doc. 12); and (vi) the Untitled Letter Requesting Release of Inmate Funds from Omar L. Reed to Inmate Account (dated October 21, 2023), filed October 31, 2023 (Doc. 13).

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Omar L. Reed
Butner, North Carolina

    *Plaintiff pro se*