IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

OMAR L. REED,

    Plaintiff,

vs.                                                                                               No. CIV 23-0088 JB/KRS

LEA COUNTY CORRECTIONAL FACILITY,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Plaintiff's Motion for Appointment of Counsel, filed June 27, 2024 (Doc. 15)("Motion"). Plaintiff Omar Reed seeks counsel in this closed case, but he does not address whether there are grounds to reopen the case under rule 60(b) of the Federal Rules of Civil Procedure. Having carefully considered the record, applicable law, and the arguments, the Court denies the Motion.

**BACKGROUND**

Reed commenced this case on January 30, 2023, while incarcerated at the Penitentiary of New Mexico ("PNM") in Santa Fe, New Mexico. See Letter from Omar Reed to New Mexico (dated January 26, 2023), filed January 30, 2023 (Doc. 1)("Letter"). Reed previously was incarcerated at the Lea County Correctional Facility ("LCCF"). Letter at 1. The Letter states Reed wishes to file a lawsuit under 42 U.S.C. § 1983 based on excessive force at LCCF. See Letter at 1. The Letter further alleges that PNM officials are trying to deter Reed from filing a lawsuit. See Letter at 1-2. On February 17, 2023, Reed filed a second letter, a Letter from Omar Reed to the United States District Court District of New Mexico Office of the Clerk (dated February 12, 2023), filed February 17, 2023 (Doc. 3)("Supplemental Letter"). The Supplemental

Letter contains additional allegations regarding Reed's conditions of confinement at PNM. Supplemental Letter at 1-7.

Neither filing contains a case caption, identifies the Defendants, or clearly delineates which causes of action Reed wishes to assert. Moreover, Reed did not submit the civil filing fee when he filed his case, and he did not file a motion or affidavit to proceed in forma pauperis along with a 6-month inmate account statement, as 28 U.S.C. § 1915(b) requires. See 28 U.S.C. § 1915(a). The Clerk's Office mailed Reed a blank civil rights complaint and a blank motion to proceed in forma pauperis on January 31, 2023, when he filed the case. See Text-Only Staff Note, entered January 31, 2023. He did not return, however, either form.

On February 13, 2023, the Court refers this matter to the Honorable Kevin R. Sweazea, United States Magistrate Judge for the District of New Mexico, for recommended findings and disposition, and to enter non-dispositive orders. See Order of Reference Relating to Prisoner Cases, filed February 13, 2023 (Doc. 2). By an Order to Cure Deficiencies, filed March 17, 2023 (Doc. 4)("Cure Order"), Magistrate Judge Sweazea explains that Reed's filings do "not clearly identify the Defendants or specific causes of action." Cure Order at 1. Magistrate Judge Sweazea fixed a deadline of April 17, 2023, for Reed to: (i) return a completed civil rights complaint; and (ii) prepay the $402.00 filing fee or, alternatively, submit an in forma pauperis motion that attaches an account statement reflecting transactions for a 6-month period. See Cure Order at 1. The Cure Order warns that the failure to comply timely with both directives may result in dismissal of this case without further notice. See Cure Order at 1.

Reed did not pay the filing fee, file a motion to proceed in forma pauperis, submit a 6-

month inmate account statement, or file a complaint by the April 17, 2023, deadline. Instead, he filed a Letter Regarding the Cure Order. See Letter Regarding Cure Order (dated March 20, 2023), filed March 27, 2023 (Doc. 5)("Response"). The Response does not address Reed's failure to file a § 1983 complaint, or an affidavit and 6-month statement seeking leave to proceed in forma pauperis. Instead, the Response asserts more allegations regarding Reed's conditions of confinement, including an instance of excessive force that appears to have occurred at his prior prison. See Response at 1-7. The Response also concedes that Reed has not exhausted administrative remedies, as 42 U.S.C. § 1997e(a) requires. Reed alleges the Court was "ordering me to file a claim prior to me having time to exhaust the administrative remedies" and asks the Court to dispense "advice on how to proceed rather than setting a deadline." Response at 1.

By a Memorandum Opinion and Order, filed June 29, 2023 (Doc. 6)("Dismissal MOO"), the Court dismissed this case without prejudice pursuant to rule 41(b) of the Federal Rules of Civil Procedure. See Dismissal Moo at 1. The Dismissal MOO observes that Reed has not filed a civil rights complaint, an in forma pauperis affidavit, or a 6-month inmate account statement, as the Cure Order and § 1915(a)(1) require, and that his Response does not show cause for such failure. See Dismissal MOO at 5-7. The Court entered a Final Judgment on June 29, 2023, along with the Dismissal MOO. See Final Judgment, filed June 29, 2023 (Doc. 7).

Reed filed six post-judgment motions and notices between August 2, 2023, and October 31, 2023. See Letter from Omar Lionel Reed to John M. Beatty (ICC Coordinator) re: Request for Interstate Compact Transfer (dated July 27, 2023), filed August 2, 2023 (Doc. 8); Letter from Omar Reed #80814, (Interstate Compact Inmate) to Gary Maciel (Director of Adult Prisons) and

Alisha Lucero (Cabinet Secretary) of New Mexico Corrections Department re: Request for Emergency Interstate Transfer (dated July 20, 2023), filed August 2, 2023 (Doc. 9); Letter from Omar L. Reed #80814 Interstate Compact Inmate to Hope Sallazar and/or Andrea Smith (classification managers) of D.M.S. re: Emergency Interstate Transfer (dated July 20, 2023), filed August 11, 2023 (Doc. 10); Motion for Speedy Trial, filed August 15, 2023 (Doc. 11); Notice Regarding Tort Claim (dated October 12, 2023), filed October 17, 2023 (Doc. 12); Letter from Omar L. Reed to Inmate Account the Penitentiary of New Mexico (dated October 20, 2023), filed October 31, 2023 (Doc. 13)(collectively the "2023 Post-Judgment Motions").  In the 2023 Post-Judgment Motions, Reed seeks a transfer to another prison, a speedy trial on his pending state criminal charges, and an order directing PNM officials to send Reed's inmate funds to his new prison.  See 2023 Post-Judgment Motions.

On March 7, 2024, the Court enters a Memorandum Opinion and Order holding that there are no grounds for relief under rule 60(b), and denies the 2023 Post-Judgment Motions.  See Memorandum Opinion and Order, filed March 7, 2024 (Doc. 14)("Post-Judgment MOO").  Reed filed the Motion over three months later, on June 27, 2024.  See Motion at 1.  The Court again considers whether there are grounds to reopen this case and/or appoint counsel.

**ANALYSIS**

Reed filed the Motion more than twenty-eight days after entry of the Dismissal MOO and Final Judgment.  The Court entered Final Judgment on June 29, 2023, and Reed filed the Motion almost one year later, on June 27, 2024.  See Final Judgment at 1; Motion at 1.  Accordingly, the Court must analyze the Motion under rule 60(b).  See Spitznas v. Boone, 464 F.3d 1213, 1215

(10th Cir. 2006). As relevant here, rule 60(b) allows relief from a judgment in the event of: (i) mistake, inadvertence, surprise, or excusable neglect; (ii) newly discovered evidence; or (iii) fraud. See Fed. R. Civ. P. 60(1)-(3). Rule 60(b)(6) also contains a catchall clause for "any other reason that justifies relief." However, Rule 60(b)(6) relief is "extraordinary," "difficult to attain," and only "appropriate . . . when it offends justice to deny such relief." Zurich North America v. Matrix Serv., Inc., 426 F.3d 1281, 1289, 1293 (10th Cir. 2005).

Having considered the record, the Court concludes that none of these circumstances exist in this case. The Motion does not address the reasons for dismissal, including Reed's failure to file a 42 U.S.C § 1983 claim on the proper form or his failure to address the civil filing fee requirements that 28 U.S.C. 1915(a) and the Cure Order require. Reed seeks the appointment of counsel only on the grounds that this closed case will require significant research and will be difficult to prosecute on a pro se basis. These arguments do not persuade the Court to set aside the Dismissal MOO and appoint counsel in a closed case. Because Reed does not demonstrate grounds for relief under rule 60(b), and because the Court entered the Dismissal MOO without prejudice to refiling, the Court denies the Motion. Reed may file a new § 1983 complaint, if he still wishes to assert civil rights claims against New Mexico prison officials.

**IT IS ORDERED** that the Plaintiff's post-judgment Motion for Appointment of Counsel, filed June 27, 2024 (Doc. 15), is denied.

_____
UNITED STATES DISTRICT JUDGE

Parties:

Omar L. Reed
Santa Fe, New Mexico

> *Plaintiff, pro se*